UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: SONY CORP. SXRD REAR PROJECTION
TELEVISION MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/10
```

09-MD-2102 (RPP)
**ORDER TO SHOW CAUSE**

------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

In *Meserole et al. v. Sony Corporation of America, et al.*, Counsel for Plaintiffs, Milberg LLP, by Leigh Smith, Sanford Dumain and Jennifer Czeisler, Lax LLP, by Robert Lax, and Lange & Koncius LLP, by Joseph Lange and Jeffrey Koncius, signed a Second Amended Complaint on June 17, 2009. The *Meserole* action was thereafter consolidated by the Judicial Panel on Multidistrict Litigation with other purported class actions pertaining to SXRD II Television sets manufactured by the Defendant, Sony Corp. The Second Amended Complaint contained statements attributed to two "Confidential Sources" that "'Every single television that left the plant was bad and they knew it'" and "that the Optical Block Defect at Sony was a 'huge' problem, and that, despite its knowledge of the defect, Sony did not re-engineer its Optical Blocks but instead replaced consumers' Optical Blocks with refurbished ones and charged $700 in each instance for the refurbished Optical Blocks used to replace the ones that failed," Second Amended Complaint (*Meserole, et al.*) ¶ 22, 23. Said counsel also filed a Consolidated Amended Class Action Complaint on October 15, 2009 in *Ouellette, et al. v. Sony Corporation of America, et al.*, *Webber, et al. v. Sony Corporation of America, et al.*, *Raymo, et al. v. Sony Corporation of America, et al.*, and *Cruisinberry, et al. v. Sony*

*Corporation of America, et al.*, containing identical statements made by these "Confidential Sources." Thereafter said counsel made statements, on the record, to the Court that emphasized the importance of the Confidential Sources' statements, including the following: "Those allegations – which Sony has simply chosen not to deal with – are that Sony's former employees in their Mt. Pleasant facility, where these TVs were assembled in parts shipped from Japan, and also where they were surfaced, that Sony knew explicitly that every one of these televisions were bad. . . . There are two sources that are cited in the complaint, both employees and technicians in that facility, and they demonstrate the allegation which, if true – and the court must assume at this stage of the litigation – prove that Sony knew that these televisions were all defective before they offered a single one for sale. So, we have direct evidence from witnesses who have come forward and spilled the beans, and that is Sony's knowledge, which your Honor requested in the earlier decision, which predates any of the purchases by consumers," Transcript of oral argument (Sept. 14, 2009), at 12-13.

    The Court authorized the depositions of the two Confidential Sources in January 2010. At the depositions of the two Confidential Sources, the Confidential Sources did not substantiate the above allegations contained in the Amended Complaints or the statements of counsel to the Court but made statements contradictory thereto. Thereafter, said counsel agreed with counsel for the Defendants to strike all references to the "Confidential Sources" from their complaints, and filed a Third Amended Complaint in *Meserole, et al.*, and a Second Consolidated Amended Class Action Complaint in *Ouellette*, *Webber*, *Raymo*, and *Cruisinberry* eliminating all references to the "Confidential Sources."

In view of the foregoing, by May 28, 2010, said counsel are to provide the Court with an explanation in writing as to why the above pleadings filed with the Court, and statements of counsel made to the Court do not constitute violations of Rule 11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: New York, New York
       May 2 1, 2010

                                          _____
                                          Robert P. Patterson, Jr.
                                          U.S.D.J.

Copies of this order were faxed to:

Leigh Smith, Jennifer S. Czeisler, Sanford P. Dumain: **212-868-1229**
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119

Jeffrey Alan Koncius, Joseph Jude Morgan Lange: **310-414-1882**
Lange & Koncius, LLP
222 No. Sepulveda Blvd., Suite 1560
El Segundo, CA 90245

Robert Ian Lax: **212- 818-1266**
Robert I. Lax & Associates
380 Lexington Avenue
31st Floor
New York, NY 10168

Richard Irving Werder, Jr., Katie McKenzie Anderson: **212-849-7100**
Quinn Emanuel Urquhart Oliver & Hedges LLP
51 Madison Avenue
New York, NY 10010

John Purcell: **213 -443-3100**
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 16th Floor
Los Angeles, CA 90017

William Bernard Federman , Jennifer Faith Sherrill: **(405) 239-2112**
Federman & Sherwood
10205 North Pennsylvania Ave.
Oklahoma City , OK 73102

Kim Eleazer Richman: **(212) 687-8292**
875 Sixth Avenue, Suite 1808
New York , NY 10001

Michael Robert Reese: **(212) 253-4272**
Reese Richman LLP
230 Park Avenue
10th Floor
New York , NY 10169